GUERRIERI *v.* MAXWELL, WARDEN.

[Cite as Guerrieri v. Maxwell, Warden, 1 Ohio St. 2d 75.]

(No. 39140—Decided January 20, 1965.)

*Mr. Benjamin Thomas Guerrieri, in propria persona.*

*Mr. William B. Saxbe,* attorney general, and *Mr. William C. Baird,* for respondent.

*Per Curiam.* In this action, petitioner is attacking the validity of the parole revocation procedure. His basic contention is that the same rights of due process append to the revocation of a parole as exist in relation to the original conviction. The same questions raised by petitioner were raised and thoroughly considered in *In re Varner,* 166 Ohio St. 340, and found not reviewable in habeas corpus.

Petitioner had a hearing before the parole board when he was returned to the penitentiary. He raises a question as to the validity of this hearing because it was before two members of the board instead of the whole board. Section 2965.05, Revised Code, reads in part as follows:

"'* * * Any investigation, inquiry, or hearing which the commission may make or hold, may be made or held by or before any member designated by the commission for this purpose, and every finding, recommendation, or order made by a

member so designated, pursuant to such investigation, inquiry, or hearing which is approved, confirmed, and adopted by the commission and ordered to be made a part of its records and minutes, is the finding, recommendation, or order of the commission.''

Thus, under the provisions of this section, a hearing before two members of the board was proper.

Petitioner's contentions are not well taken.

*Petitioner remanded to custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.