BARRETT, APPELLEE, *v.* CRIST, SUPT., LIMA STATE HOSPITAL, APPELLANT.

(No. 1304—Decided March 2, 1966.)

*Messrs. Hanna, Middleton & Roebke,* for appellee.
*Mr. William B. Saxbe,* attorney general, *Mr. Leo J. Conway* and *Mr. Allen D. Dobnicker,* for appellant.

YOUNGER, P. J. The petitioner, appellee herein, having been found to be feeble minded by the Probate Court of Franklin County, was ordered committed to the Columbus State School, Columbus, Ohio. By letter of authority dated June 22, 1961, the Department of Mental Hygiene and Correction transferred him to the Orient State Institute. Thereafter, on April 7, 1964, by letter from the same authority he was transferred from Orient State Institute to the Lima State Hospital where he is presently confined.

In August 1965, application for a writ of habeas corpus was filed in the Court of Common Pleas of Allen County alleging that Barrett was restrained of his liberty by the respondent, appellant herein, and, being neither mentally ill nor insane and being capable of handling his own affairs, was entitled to discharge from that institution.

This matter came on for hearing, and upon the evidence the Common Pleas Court found that "the petitioner is in the custody of the Superintendent of the Lima State Hospital at the Lima State Hospital, Lima, Ohio, by virtue of a lawful and

valid commitment order, by transfer from the Orient State Institute, pursuant to, and in accordance with Section 5125.03 of the Revised Code of Ohio,'' and that ''the petitioner has been of good behavior and is not dangerous or homicidal,'' and ordered that the petitioner be transferred from Lima State Hospital to Orient State Institute. From this order the respondent, as Superintendent of Lima State Hospital, has filed this appeal.

Under the provisions of Section 5125.03, Revised Code, the superintendent of a state hospital for the mentally ill or of an institution for the mentally retarded may make application to the Department of Mental Hygiene and Correction for an order to transfer any patient who exhibits dangerous or homicidal tendencies which render his presence a source of danger to others; and such section further provides that the Director of Mental Hygiene and Correction or Commissioner of Mental Hygiene, when satisfied that such action is advisable, may order the transfer of such patient to an appropriate institution. This section of the Revised Code further provides as follows:

''* * *. When in the judgment of the superintendent of such hospital and the Commissioner of Mental Hygiene, a patient transferred thereto from another state hospital improves to the extent that he is no longer considered dangerous, he shall, upon the recommendation of the superintendent and the order of the Director of Mental Hygiene and Correction or the commissioner, be returned to the hospital to which he was originally committed, * * *.''

That section vests in the Superintendent of the Lima State Hospital the discretion to decide whether the patient has improved to the extent that he is no longer considered dangerous and, having arrived at that conclusion, whether he can recommend to the Director of Mental Hygiene and Correction or the commissioner that such patient be returned to the institution from which he had been transferred.

It has long been an established principle of law that the discretion of public officials, administrative officers and public authorities, in the absence of an abuse of discretion, will not be interfered with by the courts. There is no showing in the record before us of an abuse of discretion by the respondent. In

fact, there is no showing that the discretion has been exercised.

This court is further of the opinion that the extraordinary writ of habeas corpus is for the purpose of determining the legality of the restraint or custody under which a person is held and is not a proper remedy where the commitment has been valid and the result sought to be accomplished is merely the transfer of a person in custody to some other institution and not for the purpose of securing his complete release. This has been held very succinctly by the United States Supreme Court in *McNally* v. *Hill, Warden*, 293 U. S. 131, 79 L. Ed. 238, 55 S. Ct. 24, which holds, as stated in paragraph four of the L. Ed. headnotes:

"The writ of habeas corpus is not available to secure the judicial decision of any question which, even if determined in the prisoner's favor, could not result in his immediate release."

It is the opinion of this court that error prejudicial to the respondent was committed by the trial court in its order transferring the petitioner back to Orient State Institute, and such order must be, and hereby is, reversed and the petition dismissed.

*Judgment reversed.*

GUERNSEY and MIDDLETON, JJ., concur.