BRADLEY *v.* CARDWELL, WARDEN.

[Cite as Bradley v. Cardwell, 20 Ohio St. 2d 1.]

(No. 69-409—Decided October 8, 1969.)

*Mr. Lawrence Marion Bradley, in propria persona.*

*Mr. Paul W. Brown,* attorney general, and *Mr. James S. Rood,* for respondent.

*Per Curiam.* This is an action in habeas corpus originating in this court.

In July 1967, petitioner, while represented by counsel, pleaded guilty to murder in the second degree and was sentenced to life imprisonment.

In May 1968, petitioner was surrendered temporarily to federal authorities for trial on a federal indictment, and after conviction thereon he was returned to the Ohio Penitentiary.

In this action, petitioner does not attack the validity of his original conviction. Instead, he argues that Ohio relinquished its jurisdiction over him by surrendering him to federal authorities. He bases that argument on Section 2941.40, Revised Code, which provides for the release of prisoners for trial on other offenses but excepts from the operation thereof persons sentenced to life imprisonment.

That section does not affect the validity of petitioner's incarceration, and release to another sovereign authority does not constitute a waiver of the right of Ohio over the person of petitioner. *Guerrieri* v. *Maxwell,* 174 Ohio St. 40; *Tomkalski* v. *Maxwell,* 175 Ohio St. 377.

Petitioner is being detained as a result of a valid conviction by a court of record which had jurisdiction over him. He is not entitled to release. *Freeman* v. *Maxwell,* 4 Ohio St. 2d 4.

*Petitioner remanded to custody.*

TAFT, C. J., MATTHIAS, O'NEILL, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.