SYKES, APPELLANT, *v.* KREIGER, APPELLEE.

[Cite as Sykes v. Kreiger (1972), 32 Ohio St. 2d 132.]

(No. 72-428—Decided December 13, 1972.)

*Mr. Glenn Billington* and *Mr. Lloyd B. Snyder*, for appellant.

*Mr. William J. Brown*, attorney general, and *Mr. Jeffrey L. McClelland*, for appellee.

*Per Curiam.* The Court of Appeals correctly determined that habeas corpus is not available to review the action of the Adult Parole Authority. *In re Varner* (1957), 166 Ohio St. 340, 142 N. E. 2d 846; *Guerrieri* v. *Maxwell* (1965), 1 Ohio St. 2d 75, 204 N. E. 2d 60; *In re Copely* (1972), 29 Ohio St. 2d 35, 278 N. E. 2d 358.*

Additionally, the sole facts of record indicate that the "Adult Parole Authority has carefully considered all of the factors brought to its attention concerning this case." While the only signature appearing to support that statement is that of the chief of that Authority, we cannot assume therefrom that he is the only person who considered the matter. "* * * The Adult Parole Authority consists of its chief, a parole supervision section, a probation development and supervision section, an administration and research section, and a parole board." R. C. 5149.02.

Furthermore, R. C. 2967.15, which prescribes the procedure to be followed in parole violation cases, does not specifically require that the Parole Board hear and decide all cases of parole revocation.

Finally, under the meager facts presented, and in view of the broad powers accorded the chief of the Adult Parole Authority by R. C. Chapter 5149, we do not consider this case a suitable vehicle for an in-depth analysis of this changing area of the law.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN, LEACH and BROWN, JJ., concur.

---

*These cases, as did the one at bar, arose prior to the announcement of *Morrissey* v. *Brewer* (1972), 408 U. S. 471, 33 L. Ed. 2d 484.