THE STATE, EX REL. VAN CUREN, *v.* OHIO ADULT PAROLE AUTHORITY ET AL.

[Cite as State, ex rel. Van Curen, v. Adult Parole Authority (1976), 45 Ohio St. 2d 298.]

(No. 74-802—Decided March 24, 1976.)

*Mr. Louis A. Jacobs* and *Mr. Stanley K. Laughlin, Jr.,* for relator.

*Mr. William J. Brown,* attorney general, and *Mr. Thomas D. Rooney,* for respondents.

*Per Curiam.* On April 17, 1974, relator was granted shock parole by respondent Ohio Adult Parole Authority,

to be effective on or after April 23, 1974. Before relator was released from custody, respondent rescinded the action taken on April 17, 1974, and continued the matter of relator's parole for further investigation to June 1974. On June 20, after a hearing, parole was denied.

Relator, who remains incarcerated, now seeks an order of this court to compel respondent to recall its decision of June 20, 1974, and make effective the action taken April 17, 1974.

Relator argues that when respondent granted him parole effective on or after April 23, 1974, an interest protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution attached to relator and could not be rescinded or continued by respondent without a hearing. This is argued notwithstanding the fact that the grant of parole was rescinded before relator was to be released from confinement.

The Adult Parole Authority has no regulation requiring a hearing prior to rescinding the grant of a parole before release.

In *State, ex rel. Newman,* v. *Lowery* (1952), 157 Ohio St. 463, involving a similar fact situation, this court stated that the "* * * [Pardon and Parole] Commission had authority to rescind its order * * * granting a parole effective on or after a future date. * * *"

Mandamus lies only to command performance of an action which the law specially enjoins as a duty resulting from an office, trust or station. R. C. 2731.01. No such duty having been shown, the writ is denied.

*Writ denied.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.