STAHL, APPELLANT, *v.* SHOEMAKER ET AL., APPELLEES.

(No. 77-63—Decided June 29, 1977.)

352

*Mr. Paul Mancino, Jr.*, for appellant.

*Mr William J Brown*, attorney general, and *Mr Dennis L. Sipe*, for appellees.

*Per Curiam.* Relative to considering the allowance or denial of extraordinary writs, this court possesses original jurisdiction in habeas corpus by virtue of specific constitutional statement;[1] the exercise of such original jurisdiction likewise is constitutionally granted to courts of appeal.[2] Our jurisdiction entails the corresponding responsibility to regulate the use by the courts of such extraordinary writ as habeas corpus.[3]

[1] Section 2(B)(1)(c) of Article IV of the Constitution of Ohio.
[2] Section 3(B)(1)(c) of Article IV of the Constitution of Ohio.
[3] For example, Justice Swan once cautioned: "It is said to be the practice in some parts of this state to use the writ of habeas corpus as

Consequently, in the cause before us today, our primary question must concern the appropriateness of the remedy sought. The common and statutory law of this state makes it clear that, generally, relief in habeas corpus is not to be afforded a prisoner if it appears that he is held pursuant to a judgment of conviction of a court of record enjoying jurisdiction to render that judgment.

In the second paragraph of the syllabus in *Ex parte Van Hagan* (1874), 25 Ohio St. 426, this court declared: "*Habeas corpus* is not the proper mode of redress, where the relator has been convicted of a criminal offense, and sentenced to imprisonment therefor by a court of competent jurisdiction; if errors or irregularities have occurred in the proceedings or sentence, a writ of error is the proper remedy." (Modified in *In re Copley* [1972], 29 Ohio St. 2d 35.)

The fourth paragraph of the syllabus of *In re Burson* (1949), 152 Ohio St. 375, 89 N. E. 2d 651, reiterates: "Where a person restrained of his liberty is in custody of an officer under process issued by a court or magistrate, or by virtue of a judgment or order of a court of record, and the court or magistrate had jurisdiction to issue the process, render the judgment or make the order, a discharge from custody by the writ of habeas corpus will not be allowed. * * *" See, also, *Burns* v. *Tarbox* (1907), 76 Ohio St. 520, 81 N. E. 761; *Freeman* v. *Maxwell* (1965), 4 Ohio St. 2d 4, 5, 210 N. E. 2d 885; *Anderson* v. *Maxwell* (1967), 10 Ohio St. 2d 188, 226 N. E. 2d 103; *Bradley* v. *Cardwell* (1969), 20 Ohio St. 2d 1, 2, 251 N. E. 2d 605; *In re Copley* (1972), 29 Ohio St. 2d 35, 36, 278 N. E. 2d 358; *Burton* v. *Reshetylo* (1974), 38 Ohio St. 2d 35, 37, 309 N. E. 2d 907.

---

a short and summary mode of reviewing as upon a writ of error, and annulling the sentences of courts. If this be so, it is an abuse of the writ of habeas corpus which cannot be too soon corrected." *Ex parte Shaw* (1857), 7 Ohio St. 81, 83. See, also, *In re Singer* (1976), 45 Ohio St. 2d 130, 132-33, 341 N. E. 2d 849; *McDuffie* v. *Berzzarins* (1975), 43 Ohio St. 2d 23, 27, 330 N. E. 2d 667 (Herbert, J., concurring).

Appellees rely in part upon R. C. 2725.05[4] in contending that appellant's petition for a writ of habeas corpus states no claim upon which relief can be granted. Whether or not appellees' conclusion is correct (because appellant is in custody pursuant to a valid judgment of conviction by a court of record having jurisdiction to render the judgment), the conclusion can be reached independently of reliance upon R. C. 2725.05. That statute need not be construed as controlling the exercise of original jurisdiction in habeas corpus constitutionally granted to courts of appeal and this court, and it is unnecessary to the resolution of the instant appeal to perpetuate the view that a statute constitutes the "authority" by which this classic writ subsists. See *State, ex rel. Halak,* v. *Cebula* (1977), 49 Ohio St. 2d 291, 294, 361 N. E. 2d 244 (Herbert, J., concurring).

A party detained pursuant to the judgment of a court is entitled to the writ of habeas corpus if the court lacked jurisdiction to enter the judgment. However, non-jurisdictional errors afford no basis for issuing the writ. Habeas corpus is not a substitute for appeal or for a mandamus proceeding.[5] Although the writ is available to parties who unlawfully are deprived of their liberty, it is unavailable to those deprived of their freedom pursuant to a lawful criminal sentence.[6]

---

[4] R. C. 2725.05 provides:

"If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed. If the jurisdiction appears after the writ is allowed, the person shall not be discharged by reason of any informality or defect in the process, judgment, or order."

[5] A majority of the members of the court are convinced that, where the extraordinary writs are concerned, it would be unwise to relieve parties of their historic responsibility to make their selection carefully.

[6] Appellant appears to believe that after a convicted prisoner has been paroled, his final release is virtually reflexive on the part of the Adult Parole Authority. However, the final release of paroled prisoners not only is entirely discretionary, it is to be exercised with due regard for the public safety.

Examination of the record demonstrates that appellant is in the custody of appellee pursuant to a prison sentence of from one to twenty years for forgery, which appellant began serving in 1972, and from which he has been paroled. We need not assess the supposed merits of any of the assertions appellant makes before us. Appellant fails to challenge the jurisdiction of the court responsible for his current commitment; instead he challenges the Adult Parole Authority. Therefore, habeas corpus is an improper avenue of relief in the instant cause. Habeas corpus is not available to review an action taken by the Adult Parole Authority. *Sykes* v. *Kreiger* (1972), 32 Ohio St. 2d 132, 133, 290 N. E. 2d 180.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

CELEBREZZE, J., concurs in the judgment.

---

R. C. 2967.16 provides, in relevant part:

"*When a paroled prisoner has faithfully performed the conditions and obligations of his parole* and has obeyed the rules and regulations adopted by the adult parole authority that apply to him, the authority upon the recommendation of the superintendent of parole supervision *may* enter upon its minutes a final release and thereupon shall issue to the paroled prisoner a certificate of final release * * *." (Emphasis added.)