Eugene E. WILLIAMS, Appellant,

v.

E. P. PERINI, Superintendent, Appellee.

No. 76–1164.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 1, 1977.

Decided and Filed July 7, 1977.

Michael C. Conway, Scott T. Siegfried, Matz, Petersilge & Weimer, Akron, Ohio, for appellant.

William J. Brown, Atty. Gen., Ohio, Simon B. Karas, Leo J. Conway, Columbus, Ohio, for appellee.

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and FEIKENS,* District Judge.

FEIKENS, District Judge.

This is an appeal from the dismissal of a habeas corpus petition for failure to exhaust state remedies. 28 U.S.C. § 2254. Petitioner-appellant Eugene E. Williams is a state prisoner currently incarcerated at the Marion Correctional Facility in Marion, Ohio. The petition alleges that Williams, as a participant in Ohio's prison furlough program in March, 1973, was denied his fourteenth amendment right when summarily dismissed from the program and sent back to prison without prior notice or hearing, citing *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Issues as to exhaustion and the merits of the petition have been raised.

In April, 1969, petitioner was convicted of second degree murder and committed to the Ohio State Penitentiary to serve a sentence of life imprisonment. He achieved honor status in January, 1972. Thereafter, he was selected for consideration as a participant in a special educational and employment furlough program, established by Ohio statute in 1971, Title 29 Ohio Revised Code § 2967.26. The program permits prisoners with exemplary prison records to attend college on a full-time basis while living away from the prison at a designated state facility under curfew and other minimum security restrictions. Ohio's furlough program is designed to operate as a rehabilitative program preliminary to parole, and for this reason petitioner was required by the program's guidelines to obtain a conditional commutation of his sentence, to provide for his release on parole upon successful completion of his furlough. Petitioner was accepted into the program on December 19, 1972, and soon after was transferred to the Alvis House in Columbus, Ohio, where he resided under minimum security conditions while attending Ohio State University as a full-time student.

Petitioner's furlough was to continue a total of eighteen months, but his participation in the program was abruptly terminated on March 29, 1973, when he was arrested by his furlough counselor and confined in the Franklin County Jail. There is some

---

* Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation.

dispute as to the grounds for this action. Petitioner contends that he was arrested merely for violating curfew by 15 minutes. Respondent cites a subsequent investigative report on the matter, written by the assistant director of the furlough program, in which repeated violations of curfew and previous punitive actions are mentioned, along with other violations of furlough restrictions, including unauthorized use of a car and drinking. On the basis of this report, petitioner was subsequently removed from the program on April 12, 1973, and transferred back to prison, where he has since remained.

On August 24, 1974, petitioner filed a habeas corpus petition in the Third District Court of Appeals of Ohio, alleging a violation of his fourteenth amendment due process right in the revocation of his furlough status without prior notice or hearing, citing *Morrissey v. Brewer, supra,* and *Wolff v. McDonnell, supra.* The Ohio Court of Appeals dismissed the petition on its merits, holding that petitioner had not been released from confinement upon his acceptance into the furlough program and that therefore any liberty interest which may have attached to his furlough status was insufficient to trigger the due process guarantee of the fourteenth amendment. *Morrissey v. Brewer* was distinguished and limited to cases of parole revocation, where the liberty interest involved was deemed substantially greater. *Wolff v. McDonnell* was distinguished on the ground that petitioner suffered *no* deprivation of a state-created right upon revocation of his furlough status.

Instead of appealing this decision to the Ohio Supreme Court, petitioner instituted the present action, alleging the same grounds for relief alleged in the prior state action. He contended that further exhaustion of state remedies would have been futile, since the Ohio Supreme Court had in past cases refused habeas corpus review of the actions of the Adult Parole Authority. *Sykes v. Kreiger,* 32 Ohio St.2d 132, 290 N.E.2d 180 (1972); *Childs v. Havener,* No. 73–824, Ohio Sup.Ct. (unreported decision,

dated January 18, 1974). The District Court concurred in the futility of appealing the state habeas action but dismissed the federal petition nevertheless, holding that petitioner still had available to him in the state courts an action for mandamus, under Ohio Revised Code § 2731.01, *et seq.,* and that he must first exhaust this remedy as a prerequisite to any federal habeas relief.

■ We affirm this ruling. Under Ohio law, a writ of mandamus is available to compel the "performance of an act which the law specifically enjoins as a duty resulting from an office, trust, or station," Ohio Revised Code § 2731.01, and Ohio courts have interpreted this language as providing for mandamus relief against the Adult Parole Authority where the Authority has failed to perform an act which it has a clear legal duty to perform. *Swiss v. Ohio Pardon and Parole Commission,* 117 Ohio App. 141, 191 N.E.2d 186 (1963). As the District Court noted, Ohio courts in other contexts have held that a writ of mandamus will lie to compel a general due process hearing. *State ex rel. Wright v. Morrison,* 80 Ohio App. 135, 75 N.E.2d 106 (1947); *State ex rel. Ruple Bus Service v. Wickliffe Bd. of Education,* 11 Ohio Misc. 127, 229 N.E.2d 762 (C.P.1967). We believe therefore that a state action for mandamus was and remains an appropriate and effective avenue of relief for an action of this nature, assuming that petitioner has no other means of legal redress in the Ohio courts. *State ex rel. Gladman v. Industrial Commission,* 136 Ohio St. 90, 92, 23 N.E.2d 947 (1939).

■ We also believe that petitioner may have a further unexhausted state remedy in an appeal of his state habeas corpus action or in an original action for habeas corpus in the Ohio Supreme Court. Ohio Revised Code §§ 2953.02, 2725.26. *Sykes v. Kreiger, supra,* the principal decision relied upon by the District Court in reaching a contrary determination, does not appear on close examination to foreclose habeas relief in this situation. The petitioner in *Sykes* was a state prisoner whose parole had been revoked by the Adult Parole Authority with-

out a prior hearing and decision by the Parole Board. Sykes thereafter brought a habeas petition in the state courts contending that this procedure was illegal, and further, that the determination of parole violation was not made within a reasonable time of his designation as a suspected parole violator.

The Ohio Supreme Court affirmed a dismissal of this petition, holding that the actions of the Adult Parole Authority are not subject to review in a habeas action, citing *In re Varner*, 166 Ohio St. 340, 142 N.E.2d 846 (1957); *Guerrieri v. Maxwell*, 1 Ohio St.2d 75, 204 N.E.2d 60 (1965); *In re Copley*, 29 Ohio St.2d 35, 278 N.E.2d 358 (1972). This holding, however, is not as broad as it first appears. This qualification is added in a footnote:

> These cases, as did the one at bar, arose prior to the announcement of *Morrissey v. Brewer* (1972), 408 U.S. 471 [, 92 S.Ct. 2593], 33 L.Ed.2d 484.

*Sykes v. Kreiger, supra*, 32 Ohio St.2d p. 133, 290 N.E.2d p. 180.

This footnote is pregnant with the implication that Ohio state courts would entertain a habeas petition to review actions of the Adult Parole Authority in violation of a petitioner's federal constitutional rights—especially those rights established under *Morrissey v. Brewer, supra*, one of the principal cases cited by petitioner here.

This interpretation of *Sykes v. Kreiger* is supported by the closing comment of the Ohio Supreme Court in that opinion:

> Finally, under the meager facts presented, and in view of the broad powers accorded the chief of the Adult Parole Authority by R.C. Chapter 5149, we do not consider this case a suitable vehicle for an in-depth analysis of this changing area of the law.

*Sykes v. Kreiger, supra*, 32 Ohio St.2d p. 133, 290 N.E.2d p. 181. We can only infer from this statement that the Ohio Supreme Court did not intend its decision in *Sykes v. Kreiger* as any kind of blanket foreclosure of habeas review of Adult Parole Authority actions. Where, as here, the factual background of petitioner's claims is thoroughly set forth in the pleadings and the legal positions of both parties are clearly focused, we do not believe that *Sykes v. Kreiger* would bar a state habeas petition to review federal constitutional claims such as those presented in this case.

*Childs v. Havener, supra*, the second case cited by petitioner in support of his exhaustion argument, is an unreported decision of the Ohio Supreme Court which affirmed a dismissal of a habeas action against the Adult Parole Authority without opinion. This decision has little if any precedential value and provides no indication of the current state of Ohio law with respect to actions of this type. As this court has previously stated, an unreported state court decision is not a proper basis for determining the futility of further exhaustion of state remedies. *Conte v. Cardwell*, 475 F.2d 698, 699 (6th Cir. 1973). More relevant, we believe, is the case of *Anderson v. McMillan*, 44 Ohio App.2d 50, 335 N.E.2d 719 (1975), in which a petition for habeas corpus was granted to a parolee committed to a mental institution without a prior hearing. The jurisdictional question raised by *Sykes v. Kreiger, supra*, was expressly raised in that case and resolved in favor of granting habeas relief. Also relevant is *In re Lamb*, 34 Ohio App.2d 85, 296 N.E.2d 280 (1973), in which habeas relief was granted to a prisoner denied an evidentiary hearing prior to punitive segregation. Finally, it should be noted that the Ohio Court of Appeals found no problem in reaching the merits of petitioner's habeas claims.

There is admittedly some question as to whether the Ohio Supreme Court will entertain petitioner's habeas action and some further question as to whether a writ of mandamus or a petition for habeas corpus is the more proper course for petitioner to pursue. These uncertainties, however, are not substantial enough to render further resort to state appellate processes futile, nor do they obviate the need to at least present once to the Ohio Supreme Court an opportunity to pass upon the constitutional

claims urged here. *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Wilwording v. Swenson,* 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971). Petitioner's first avenue of relief, now as always, lies in the Ohio appellate courts.

The judgment of the District Court is affirmed.

PHILLIPS, Chief Judge (concurring in the result).

I agree that appellant has not exhausted remedies available to him in the State courts. Under Ohio Revised Code § 2725.02 he has a right to file an original petition for a writ of habeas corpus in the Supreme Court of Ohio. Alternately, he could have undertaken to perfect an appeal to the Supreme Court of Ohio from the decision of the Third District Court of Appeals. As a result of the failure of appellant to utilize either of these two methods available to him to present his case to the State Supreme Court, that court has not had an opportunity to pass upon the merits of his contentions.

I do not construe the majority opinion to hold that appellant must apply for a writ of mandamus in the State courts as a part of his procedure for exhausting his State remedies. However, to avoid any possible implication to that effect, I am writing this separate concurrence to emphasize my view that appellant is not required to pursue the extraordinary remedy of mandamus in the State courts as a prerequisite to maintaining an action for federal habeas corpus.