KING

v.

DALLMAN, Warden.

[Cite as *King v. Dallman* (1993), 85 Ohio App.3d 43.]

Court of Appeals of Ohio,
Warren County.

No. CA92-09-087.

Decided Jan. 11, 1993.

*James E. King, pro se.*

*Lee Fisher,* Attorney General, and *Donald G. Keyser,* Assistant Attorney General, for respondent.

WALSH, Judge.

This cause came on to be considered upon a petition for writ of habeas corpus filed on September 17, 1992, a motion to dismiss filed on October 16, 1992, and a supplemental brief in support of the petition for writ of habeas corpus filed on October 30, 1992.

On September 17, 1992, petitioner, James E. King, an inmate at Lebanon Correctional Institution, filed a *pro se* petition for a writ of habeas corpus in this court. In his petition, King alleges that the Ohio Adult Parole Authority ("APA") failed to conduct a parole revocation hearing in violation of King's constitutional rights and R.C. 2967.15. King requests this court to order his release under the terms and conditions of his original parole.

Respondent William L. Dallman, Warden of the Lebanon Correctional Institution, filed a motion to dismiss King's petition for a writ of habeas corpus on the ground that it fails to state a claim upon which relief may be granted. For the following reasons, we grant respondent's motion and dismiss King's petition.

In his petition, King alleges that he "was granted parole on February 16, 1990" and that "he was transferred to the pre-release facility at Orient, Ohio to await release on parole on April 16, 1990." King then states that he was not released on April 16, 1990 because he was not placed into a "program" which he was required to enter as a condition of parole.

King further alleges that on April 18, 1990, he was charged with a rules violation and that the rules infraction board later found him guilty of writing love letters to a female employee. King claims that as one of the penalties for this

violation, the rules infraction board recommended that his parole be revoked. As a result of this recommendation, King allegedly appeared before two members of the APA on June 4, 1990 without prior notice of the hearing and without being permitted to present witnesses, evidence, or personal testimony. According to King, the APA members then rescinded his parole and ordered him to serve an additional two years before again being considered for parole.

King contends that he is entitled to a writ of habeas corpus because the APA granted him "parole" and then "revoked" his "parole" without a revocation hearing in violation of his due process rights and as required by R.C. 2967.15. "Parole" means "the release from confinement in any state penal or reformatory institution by the adult parole authority * * *." R.C. 2967.01(E). Stated another way, "[p]arole is a form of supervised custody *outside* prison walls * * *." (Emphasis added.) *State ex rel. McKee v. Cooper* (1974), 40 Ohio St.2d 65, 69, 69 O.O.2d 396, 398, 320 N.E.2d 286, 289. King's petition clearly states that he was not released from confinement. Therefore, King was never granted parole.

We note that the APA may grant parole to any prisoner "if in its judgment there is reasonable ground to believe that * * * such action would further the interests of justice and be consistent with the welfare and security of society." R.C. 2967.03. This statute, however, creates no presumption that parole will be granted and does not create an expectancy or liberty interest upon which a prisoner can base a due process claim. *State ex rel. Ferguson v. Ohio Adult Parole Auth.* (1989), 45 Ohio St.3d 355, 544 N.E.2d 674; *State ex rel. Blake v. Shoemaker* (1983), 4 Ohio St.3d 42, 4 OBR 86, 446 N.E.2d 169. Moreover, the APA has discretion to rescind an unexecuted order for a prisoner to receive parole at a future date without affording the prisoner a hearing. *Jago v. Van Curen* (1981), 454 U.S. 14, 102 S.Ct. 31, 70 L.Ed.2d 13; *State ex rel. Van Curen v. Ohio Adult Parole Auth.* (1976), 45 Ohio St.2d 298, 74 O.O.2d 465, 345 N.E.2d 75; *State ex rel. Newman v. Lowery* (1952), 157 Ohio St. 463, 47 O.O. 338, 105 N.E.2d 643.

We agree with *Brewer v. Dahlberg* (C.A. 6, 1991), 942 F.2d 328, 340, that:

"[T]he Ohio writ of habeas corpus * * * is available to petitioner to review an action taken by the Ohio Adult Parole Authority where petitioner claims: (1) that his sentence and parole have already been served, (2) that because the judgment of the sentencing court has already been satisfied, it no longer has jurisdiction over him, and (3) therefore, the OAPA no longer has custody over him and did not have the authority to reincarcerate him under his satisfied state sentence."

Since King fails to make such claims in his petition, a writ of habeas corpus is not available to him to review the APA's action.

We recognize that in *Stahl v. Shoemaker* (1977), 50 Ohio St.2d 351, 355, 4 O.O.3d 485, 488, 364 N.E.2d 286, 288, the Supreme Court of Ohio stated that "[h]abeas corpus is not available to review an action taken by the Adult Parole Authority" and that this statement appears to conflict with the rule quoted above from *Brewer v. Dahlberg.* We believe, however, that the statement in *Stahl,* if read as always prohibiting habeas corpus review of APA actions, is not an accurate expression of Ohio law.

In *Stahl,* the petitioner was on parole pursuant to his sentence for a forgery conviction. He filed a petition for a writ of habeas corpus in the appellate court alleging that he was restricted of his liberty pursuant to the conditions of his parole and thereby challenging the action of the APA. The appellate court denied his petition, and the Ohio Supreme Court affirmed.

In upholding the denial of the writ of habeas corpus, the Supreme Court explained that:

" * * * in the cause before us today, our primary question must concern the appropriateness of the remedy sought. The common and statutory law of this state makes it clear that, generally, relief in habeas corpus is not to be afforded a prisoner if it appears that he is held pursuant to a judgment of conviction of a court of record enjoying jurisdiction to render that judgment.

" * * *

"A party detained pursuant to the judgment of a court is entitled to the writ of habeas corpus if the court lacked jurisdiction to enter the judgment. However, non-jurisdictional errors afford no basis for issuing the writ. Habeas corpus is not a substitute for appeal or for a mandamus proceeding. Although the writ is available to parties who unlawfully are deprived of their liberty, it is unavailable to those deprived of their freedom pursuant to a lawful criminal sentence.

"Examination of the record demonstrates that appellant is in the custody of appellee pursuant to a prison sentence of from one to twenty years for forgery, which appellant began serving in 1972, and from which he has been paroled. We need not assess the supposed merits of any of the assertions appellant makes before us. Appellant fails to challenge the jurisdiction of the court responsible for his current commitment; instead he challenges the Adult Parole Authority. Therefore, habeas corpus is an improper avenue of relief in the instant cause. Habeas corpus is not available to review an action taken by the Adult Parole Authority. *Sykes v. Kreiger* (1972), 32 Ohio St.2d 132, 133 [61 O.O.2d 384, 385], 290 N.E.2d 180 [180–181]." (Footnotes omitted.) *Stahl,* 50 Ohio St.2d at 353–355, 4 O.O.3d at 487–488, 364 N.E.2d at 287–288.

The last sentence quoted above, "[h]abeas corpus is not available to review an action taken by the Adult Parole Authority," if read out of context, seems to state

a broad rule that habeas corpus is never available to review APA actions. On the other hand, the court's reasoning in *Stahl* suggests that the basis of that decision was the fact that the petitioner was not challenging the jurisdiction of the sentencing court. Therefore, the court's statement may not have been intended to create an absolute prohibition of habeas corpus review of APA actions but may only prohibit such review when the petitioner fails to challenge the sentencing court's jurisdiction. Other Ohio cases support this interpretation of *Stahl*.

In *Stahl*, the court cited *Sykes v. Kreiger* (1972), 32 Ohio St.2d 132, 61 O.O.2d 384, 290 N.E.2d 180, for the proposition that habeas corpus is not available to review an APA action. *Sykes*, however, does not establish a broad rule. In *Sykes*, the court explained that:

" * * * Sykes sought a writ of habeas corpus from the Court of Appeals, challenging the authority of the chief of the Adult Parole Authority to declare him a parole violator without the participation of the Parole Board, and contending that his imprisonment was 'illegal and unlawful.' He also alleged that the determination in his case was not made by the Parole Board within a reasonable time of his being designated a suspected parole violator.

" * * * *

"The Court of Appeals correctly determined that habeas corpus is not available to review *the* action of the Adult Parole Authority. *In re Varner* (1957), 166 Ohio St. 340 [2 O.O.2d 249], 142 N.E.2d 846; *Guerrieri v. Maxwell* (1965), 1 Ohio St.2d 75 [30 O.O.2d 143], 204 N.E.2d 60; *In re Copely* [*sic*] (1972), 29 Ohio St.2d 35 [58 O.O.2d 98], 278 N.E.2d 358." [1] (Emphasis added.) *Sykes v. Kreiger* (1972), 32 Ohio St.2d 132, 132–133, 61 O.O.2d 384, 385, 290 N.E.2d 180, 180.

In stating that "habeas corpus is not available to review *the* action" of the APA, *Sykes* seems to be referring to the APA action in that particular case, not any and all other APA actions.

Furthermore, none of the cases cited in *Sykes* prohibits all habeas corpus review of APA actions. Specifically, in *In re Varner* (1957), 166 Ohio St. 340, 2 O.O.2d 249, 142 N.E.2d 846, syllabus, the court held that "[t]he action of the Pardon and Parole Commission, in declaring a paroled convict to be a parole violator before the expiration of the maximum period of his sentence and before his final release * * * is not reviewable in a habeas corpus proceeding * * *." Likewise, the court denied a writ of habeas corpus in *Guerrieri v. Maxwell* (1965), 1 Ohio St.2d 75, 30 O.O.2d 143, 204 N.E.2d 60, based on the *Varner* decision. In *Varner* and *Guerrieri*, as in *Sykes* and *Stahl*, the petitioners did not

---

1. The Supreme Court's footnote to this quoted material notes: "These cases, as did the one at bar, arose prior to the announcement of *Morrissey v. Brewer* (1972), 408 U.S. 471 [92 S.Ct. 2593], 33 L.Ed.2d 484."

challenge the jurisdiction of the courts which imposed their sentences. More-over, the *Sykes* court pointed out that these cases, as well as *Sykes*, were decided prior to *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, in which the United States Supreme Court discussed the constitutional rights of parolees with regard to the revocation of parole. The Ohio Supreme Court denied another writ of habeas corpus in *In re Copley* (1972), 29 Ohio St.2d 35, 58 O.O.2d 98, 278 N.E.2d 358, explaining in the syllabus that "[o]rdinarily, habeas corpus is not the proper mode of redress, where the petitioner has been convicted of a criminal offense, and sentenced to imprisonment therefor by a court of competent jurisdiction * * *."[2] Thus, *Sykes* does not seem to establish a broad rule forbidding all habeas corpus review of APA actions, contrary to the indica-tion in *Stahl.*

The Supreme Court of Ohio has cited *Stahl* in eleven of its subsequent decisions, but none of those cases relies on *Stahl* for the proposition that habeas corpus is not available to review APA actions. Most of those cases cite *Stahl* for the rules that (1) a writ of habeas corpus is not available to a petitioner held pursuant to a judgment of a court which had competent jurisdiction, and (2) habeas corpus is not a substitute for appeal.

A recent Supreme Court decision suggests that habeas corpus is available in some situations to review APA actions. In *Coleman v. Stobbs* (1986), 23 Ohio St.3d 137, 139, 23 OBR 292, 294, 491 N.E.2d 1126, 1128, the Supreme Court found that a petitioner was not entitled to a writ of habeas corpus, "[s]ince he was in custody pursuant to a lawful court order, and it is undisputed that the court had jurisdiction to make that order * * *." The court also held, however, that:

"A court should apply a two-part test in determining whether the delay of the Adult Parole Authority, in not commencing a final parole revocation hearing, entitles an alleged parole violator to habeas corpus relief. * * *" *Coleman*, syllabus.

The promulgation of this test indicates that in some circumstances habeas corpus is available to review actions of the APA, namely, the APA's delay of a final parole revocation hearing. The court later applied this test and affirmed the denial of a writ of habeas corpus in *Flenoy v. Ohio Adult Parole Auth.* (1990), 56 Ohio St.3d 131, 564 N.E.2d 1060. Thus, *Coleman* and *Flenoy* suggest that exceptions exist to the broad statement in *Stahl.*

In sum, this court could interpret *Stahl* as stating an absolute rule without any exceptions or as stating a general rule to which unstated exceptions may exist. We find that the latter interpretation is consistent with other Ohio cases.

---

2. In *Copley,* the petitioner was incarcerated and challenged only the sentencing court's jurisdiction; the APA was not involved.

Therefore, we conclude that the statement in *Stahl* that "[h]abeas corpus is not available to review an action taken by the Adult Parole Authority," if read literally, is not the present law of Ohio. Instead, we read *Stahl* to mean that habeas corpus is not available for a review of APA actions when the petitioner is not challenging the jurisdiction of the sentencing court.

We believe that the rule set forth in *Brewer v. Dahlberg, supra,* 942 F.2d at 340, is an accurate expression of Ohio law and is consistent with our interpretation of *Stahl.* In *Brewer v. Dahlberg,* the federal appellate court affirmed the district court's dismissal of a petition for a federal writ of habeas corpus for failure to exhaust state remedies, concluding that the petitioner had made claims which would entitle him to Ohio habeas corpus relief. In reaching this conclusion, the court examined several Ohio cases, including *Stahl,* and engaged in a thoughtful analysis of Ohio law.[3] The petitioner was alleging that "he is being illegally restrained as a parolee under an order of the OAPA, which could not be issued under the authority of the sentencing court, because * * * the court no longer had jurisdiction over him." *Brewer v. Dahlberg* at 338. Thus, in *Brewer v. Dahlberg,* unlike *Stahl,* the petitioner was challenging the jurisdiction of the sentencing court, as well as the action of the APA, by claiming that he had already satisfied the judgment of the sentencing court.

In short, when a petitioner "does not attack the jurisdiction of the court, habeas corpus does not lie." *Ellis v. McMackin* (1992), 65 Ohio St.3d 161, 162, 602 N.E.2d 611, 612, citing *Stahl, supra.* Furthermore, R.C. 2725.05 provides that:

"If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed."

Thus, under Ohio law, there is a prohibition against issuing a writ of habeas corpus when the petitioner is lawfully confined under the judgment of a court of competent jurisdiction. *Ellis, supra; Brewer v. Dahlberg, supra; Dapice v. Stickrath* (1988), 40 Ohio St.3d 298, 533 N.E.2d 339; *Wireman v. Ohio Adult Parole Auth.* (1988), 38 Ohio St.3d 322, 528 N.E.2d 173; *Coleman, supra; Stahl, supra.*

In the instant case, King does not challenge the jurisdiction of the court which imposed the sentence which he is currently serving. In fact, in his supplemental

---

3. For purposes of brevity, the court's analysis, contained in *Brewer v. Dahlberg* at 942 F.2d at 337 through 340, will not be repeated here.

brief in support of his petition, King admits that he "is not contesting in any way or appealing his conviction" and that he does not claim "that the sentencing court did not have jurisdiction over him * * * [and does not challenge] his legal custody under his sentence." As a result, King has failed to make allegations sufficient to entitle him to a writ of habeas corpus.

Accordingly, respondent's motion to dismiss King's petition is granted. This cause is hereby dismissed, with prejudice, costs to petitioner.

*Petition dismissed.*

KOEHLER, P.J., and WILLIAM W. YOUNG, J., concur.