NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0454n.06

No. 12-3217

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*May 07, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MUJTABAA L. MUBASHSHIR, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| MARGARET BRADSHAW, Warden, | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| Respondent-Appellee. | ) | |

Before:  MARTIN, GILMAN, and KETHLEDGE, Circuit Judges.

PER CURIAM.  Mujtabaa L. Mubashshir, a pro se Ohio prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

In 1988, Mubashshir, who was charged, convicted, and sentenced as Lapetto Johnson, pleaded guilty to seven counts of kidnapping, six counts of rape, three counts of abduction, five counts of felonious assault, two counts of gross sexual imposition, two counts of aggravated robbery, and one count of attempted rape.  The trial court imposed an aggregate sentence of 96 years to 235 years of imprisonment, noting that "[a]ll indefinite minimum terms are to be served as actual incarceration."  The Ohio Court of Appeals affirmed Mubashshir's convictions. *State v. Johnson*, No. 56808, 1990 WL 37355, at *8 (Ohio Ct. App. Mar. 29, 1990), *leave denied*, 559 N.E.2d 1365 (Ohio 1990).  Mubashshir also unsuccessfully pursued state post-conviction relief.  *See State v. Mubashshir*, No. 77690, 2000 WL 1753997 (Ohio Ct. App. Nov. 30, 2000), *leave denied*, 744 N.E.2d 1195 (Ohio 2001).

After Mubashshir was sentenced, the Ohio legislature eliminated indefinite sentences. Defendants convicted after July 1, 1996, received a definite term of incarceration, followed by a term of supervised release. In light of the change, the Ohio Adult Parole Authority amended the state's parole guidelines and set forth a series of calculations to give a projected parole eligibility date to inmates convicted prior to July 1, 1996, and to guide the discretion of parole officers.

Mubashshir was first considered for parole in October 1998 and was denied. He was denied parole again in 2003, 2006, and 2008. In November 2009, he filed a petition for a writ of habeas corpus in the Ohio Supreme Court, alleging that his sentence had been illegally increased by the retroactive application of the 1998, 2000, and 2007 amendments to the parole guidelines. The Ohio Supreme Court dismissed the petition by a "Merit Decisions Without Opinion." *Mubashshir v. Sheldon*, 919 N.E.2d 213 (Ohio 2009) (table). In 2010, Mubashshir filed a second petition for a writ of habeas corpus, again asserting that his rights were violated by the retroactive application of the amended parole guidelines. The trial court denied the petition. The Ohio Court of Appeals affirmed on the basis of res judicata. *Mubashshir v. Sheldon*, No. 9-10-39, 2010 WL 3836163 (Ohio Ct. App. Oct. 4, 2010), *leave denied*, 942 N.E.2d 384 (Ohio 2011).

In 2011, Mubashshir filed the instant federal habeas corpus petition, arguing that the use of the amended parole guidelines to determine his parole eligibility violated the Separation of Powers, Due Process, Double Jeopardy, and Equal Protection Clauses of the United States Constitution. He also asserted that the use of the guidelines was a violation of the Ex Post Facto Clause. The district court determined that, although Mubashshir filed state habeas corpus petitions challenging the retroactive application of the parole guidelines, his claims were unexhausted because they were not cognizable in a state habeas corpus petition. Because the district court determined that other state remedies remained available, the court dismissed the action without prejudice. The district court also denied Mubashshir a certificate of appealability. On appeal, this Court granted Mubashshir a certificate of appealability regarding the district court's procedural ruling on exhaustion and on

whether Mubashshir facially alleged a violation of the Ex Post Facto Clause. A certificate of appealability was denied as to Mubashshir's remaining claims.

On appeal, Mubashshir argues that his claims were exhausted, that the retroactive application of the amended parole guidelines violated the Ex Post Facto Clause, and that he has been forced to serve a longer sentence than he should have served. In addition, he argues that it was error for the district court to dismiss his remaining claims. Because those claims were not certified for appeal, they will not be considered. *See Bugh v. Mitchell*, 329 F.3d 496, 502 n.1 (6th Cir. 2003).

We review the district court's legal conclusions de novo and its factual findings for clear error. *Moore v. Berghuis*, 700 F.3d 882, 886 (6th Cir. 2012). A habeas corpus petition will not be granted on any claim adjudicated on the merits in state court unless the adjudication of the claim resulted in a decision 1) "that was contrary to, or involved an unreasonable application of, clearly established Federal law"; or (2) "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Additionally, we may affirm a district court's denial of a habeas corpus petition even if we rely on different grounds than those relied upon by the district court. *See Kyger v. Carlton*, 146 F.3d 374, 375 (6th Cir. 1998).

Before a state prisoner may seek a writ of habeas corpus in federal court, he must exhaust his state court remedies by fairly presenting all of his constitutional claims to the highest state court, and to all appropriate prior state courts. *See* 28 U.S.C. § 2254(b), (c); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The fair-presentation requirement is not satisfied, however, when a claim is presented in state court in a procedurally inappropriate manner that renders consideration of its merits unlikely. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

In Ohio, a writ of habeas corpus is available to a petitioner to review actions taken by the Parole Authority only where the petitioner challenges the Parole Authority's jurisdiction over him. *See King v. Dallman*, 619 N.E.2d 66, 67–68 (Ohio Ct. App. 1993) (citing *Brewer v. Dahlberg*, 942

F.2d 328, 340 (6th Cir. 1991)). If a petitioner does not attack the jurisdiction of the court, habeas corpus is not the appropriate means to review the action of the Parole Authority. *Hattie v. Anderson*, 626 N.E.2d 67, 70 (Ohio 1994) (citing *Stahl v. Shoemaker*, 364 N.E.2d 286, 288 (Ohio 1977)). Mubashshir's state habeas corpus petition did not attack the Parole Authority's jurisdiction over him, but challenged the retroactive application of the amended parole guidelines. Accordingly, he arguably presented his claim to the state courts in a procedurally inappropriate manner. However, because the Ohio Supreme Court dismissed Mubashshir's habeas corpus petition by a "Merit Decisions Without Opinion," and the Ohio Court of Appeals dismissed his subsequent action on res judicata grounds, "it is reasonable to infer an exception" because "the state has actually passed on the claim." *Castille*, 489 U.S. at 350–51.

Nevertheless, habeas corpus relief is not warranted on Mubashshir's ex post facto claim. For a law to be considered ex post facto, "it must apply to events occurring before its enactment," and "it must disadvantage the offender affected by it." *Lynce v. Mathis*, 519 U.S. 433, 441 (1997) (internal quotation marks and citation omitted). The relevant inquiry is whether the new guidelines present a significant risk of increasing the amount of time Mubashshir is actually required to serve. *See Garner v. Jones*, 529 U.S. 244, 255 (2000).

Ohio courts have consistently rejected arguments that changes in Ohio's parole procedures constitute an ex post facto violation. *See State ex rel. Johnson v. Ohio Adult Parole Auth.*, 819 N.E.2d 1106, 1109 (Ohio 2004) (citing *State ex rel. Bealler v. Ohio Adult Parole Auth.*, 740 N.E.2d 1100, 1101-02 (Ohio 2001)); *State ex rel. Henderson v. Ohio Dep't of Rehab. & Corr.*, 690 N.E.2d 887, 888 (Ohio 1998). It is within the discretion of the Parole Authority to determine whether Mubashshir was suitable for parole based on the nature of his crime, regardless of what changes were made to the parole guidelines or when he had been sentenced. *See Inmates of Orient Corr. Inst. v. Ohio St. Adult Parole Auth.*, 929 F.2d 233, 236 (6th Cir. 1991). Although Mubashshir argues that he would have been released earlier under the old guidelines, his statement is merely speculative.

Mubashshir has failed to present evidence demonstrating that the retroactive application of the amended guidelines has resulted in a longer period of incarceration than he would have served under the previous guidelines. More importantly, he has failed to demonstrate that the amended parole guidelines increased the penalties for the crimes to which he pleaded guilty.

We affirm the district court's judgment, but on grounds not relied upon by the district court.