We therefore determine that the judgment of the trial court must be affirmed.

*Judgment affirmed.*

KOVACHY, P. J., HURD and HUNSICKER, JJ., concur.

HUNSICKER, J., of the Ninth Appellate District, sitting by designation in the Eighth Appellate District.

SWISS *v.* OHIO PARDON & PAROLE COMMISSION.

(No. 7170—Decided January 15, 1963.)

*Mr. Richard C. Swiss*, in propria persona.
*Mr. Mark McElroy* and *Mr. William B. Saxbe*, attorneys general, and *Mr. John J. Connors, Jr.*, for respondent.

BRYANT, J. This proceeding was begun as an original action in this court by Richard C. Swiss, relator, who describes himself "appellant per se" and who has filed herein a petition, a brief, and certain exhibits. In the petition, the Ohio Pardon and Parole Commission, respondent herein, is described as "appellee," and the prayer of the petition is "for a writ of mandamus and in so doing ordered the Ohio Pardon and Parole Commission to immediately reinstate and release the appellant on the same terms and conditions as his original parole," etc.

It appears that Swiss, during 1957 or thereabouts, was con-

victed of forgery and was given an indeterminate sentence to the Marion Correctional Institution. While the record is not clear on this point, we shall assume that this conviction and sentence were in violation of Section 2913.01, Revised Code, "Forgery," and that the indeterminate sentence pursuant thereto was "not less than one nor more than twenty years." (Section 2913.01, Revised Code.)

It appears further that late in 1959 Swiss was released on parole, and while at liberty thereunder during 1960, at the time of making one of his monthly reports, he was ordered arrested, as he claims, following an overdraft of his bank account which he claims was satisfactorily adjusted. In any event, Swiss claims he was held for a period of several months in the County Jail of Cuyahoga County, Ohio, after which he was returned to the Marion Correctional Institution where, on November 29, 1960, he was informed that his case "has been continued by the Pardon and Parole Commission until August 1963."

Swiss, neither in the caption nor in the body of the petition, seeks to bring the cause of action as a relator, nor does he set forth any valid claim with respect to any clear legal duty on behalf of the commission, which it is failing to perform. On the contrary, the allegations of the petition relate to matters involving discretion, exercise of which is vested exclusively in the commission.

Counsel for the commission have filed a motion to dismiss the petition "for the reason that it does not state facts which entitle the plaintiff to relief." The grounds stated are the grounds of a demurrer and we shall treat the motion as a demurrer and, as such, sustain it for the reason that even if the petition contained minimum requirements for an action for a writ of mandamus, such writ is not available and will not issue to control the exercise of discretion on the part of the commission.

*Motion treated as a demurrer and sustained.*

DUFFY, P. J., and DUFFEY, J., concur.