BARNHART v. MAXWELL, WARDEN.

(No. 39326—Decided June 23, 1965.)

*Mr. Graham P. Barnhart*, *in propria persona.*

*Mr. William B. Saxbe*, attorney general, and *Mr. William C. Baird*, for respondent.

*Per Curiam.* In this action, petitioner attacks his 1956 convictions on the ground that he was not informed of his right to and did not waive counsel. The record completely refutes petitioner's contention in this respect. The journal entry in each of petitioner's 1956 convictions contains the following language:

"This 10th day of February, 1956, came the prosecuting attorney on behalf of the state of Ohio, and the defendant being brought into court in the custody of the sheriff, at which time said defendant was advised of his rights to wait one day after receiving said indictment consisting of two counts before being arraigned thereon and orally waiving said rights in open court and also waiving said rights in writing, said defendant was then

inquired of if he had an attorney, having no attorney, the court then inquired as to whether he desired one furnished him, to which said defendant in open court stated that he did not desire any attorney and waived any rights thereto. Thereupon, the court further advised the defendant of his constitutional rights prior to proceeding with the arraignment. * * *''

Petitioner, in relation to his 1963 conviction, makes no attack on the conviction itself but attacks the proceedings by the Pardon and Parole Commission which occurred in relation to this conviction. After petitioner's return to the penitentiary, he attempted to escape. Certain disciplinary action was taken in relation thereto by the prison authorities. When petitioner came before the parole board in August 1964 on his 1963 sentence, he was continued until August 1969. He contends that two years of this continuance was based on the ground of the warden's recommendation because of his attempted escape. It is petitioner's argument that, because of some rule of the warden, this continuance was a sentence for attempted escape without any indictment or trial by a court and thus was unconstitutional. There is nothing in the evidence as to the existence of such rule.

Petitioner's argument that this continuance, because of a rule of the warden, was a sentence for escape is without foundation. Petitioner is currently under a sentence of one to 15 years for assault with intent to rob. Apparently, it is his belief that he is entitled to parole at the expiration of the minimum time at which he becomes eligible for parole. Parole is not a matter of right but of grace. *Ex parte Tischler*, 127 Ohio St. 404, and *In re Varner*, 166 Ohio St. 340. It is a matter for the determination of the parole board whether a prisoner has become sufficiently rehabilitated to merit a return to society prior to the expiration of his maximum sentence. In so doing, the board well may take into consideration that petitioner has attempted to escape. The continuance for consideration for parole until a later date, no matter on what grounds it is based, does not constitute a sentence by the parole board. The action of the parole board was merely a determination that petitioner was not sufficiently rehabilitated to be released from custody on parole. It did not constitute a sentence for escape.

Petitioner is currently serving a sentence of one to 15 years for assault with intent to rob imposed by a court of competent jurisdiction based upon a plea of guilty to a valid indictment. He is not serving a sentence for escape, and the fact that his parole hearing on his 1963 conviction was continued until 1969, even if based on his attempted escape, and there is no evidence but petitioner's own statement as to this fact, does not constitute a sentence for the attempted escape.

The action of the Pardon and Parole Commission in refusing a prisoner a parole and continuing his case for hearing to a future date is a matter within the sound discretion of the commission and is not reviewable in habeas corpus.

*Petitioner remanded to custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.