THE STATE, EX REL. THOMPSON, *v.* CLARK, CHAIRMAN, ADULT PAROLE AUTHORITY, ET AL.

(No. 82AP-133—Decided June 10, 1982.)

*Mr. Charles Thompson, pro se.*
*Mr. William J. Brown,* attorney general, *Mr. Simon Karas* and *Mr. Stuart A. Cole,* for respondents.

MCCORMAC, J. Respondents have moved this court to dismiss the petition for a writ of mandamus filed by relator on the grounds that it fails to state a claim upon which relief can be granted. Respondents also have moved for a denial of relator's motion to proceed in *forma pauperis,* and for a protective order under Civ. R. 26 (C), delaying discovery until after a ruling on the motion to dismiss has been handed down.

Relator is currently incarcerated in the London Correctional Institute. Respondents are officials of the Ohio Parole Board. In substance, relator states that his date for parole eligibility has been delayed by the board without granting him a hearing to challenge any allegations brought against him. He further suggests that the board wrongfully used a furlough violation as a basis to extend his period of incarceration, and substituted a furlough revocation hearing for the parole hearing to which he says he was entitled during the month of December 1981. Consequently, relator argues that mandamus is the proper approach to compel the respondents to exercise their specific duty of providing a parole hearing immediately.

Relator's dispute arises from a furlough granted to him on September 1, 1981. Prior to that time, relator had twice been paroled and had once been given a furlough. In each of these instances, relator was declared a violator and returned to the correctional facility. During the second furlough, relator was again declared a violator and given the option of having a formal hearing on the matter. Relator asked for an informal revocation hearing instead. This hearing took place on or about December 30, 1981, at which time relator's furlough was revoked and his case continued until January 1983. It is this action taken by the board which relator cites as capricious and arbitrary, resulting in a denial of his rights.

The granting of parole is governed by R.C. 2967.03, which reads as follows, in pertinent part:

"* * * When a prisoner becomes eligible for parole, the head of the institution in which such prisoner is confined shall notify the authority in the manner prescribed by the authority. *The authority may* investigate and examine, or cause the investigation and examination of,

prisoners confined in state penal or reformatory institutions concerning their conduct therein, their mental and moral qualities and characteristics, their knowledge of a trade or profession, their former means of livelihood, their family relationships, and any other matters affecting their fitness to be at liberty without being a threat to society.

"*The authority may recommend* to the governor the pardon, commutation, or reprieve of sentence of any convict or prisoner, or grant a parole to any prisoner, if in its judgment there is reasonable ground to believe that, if the convict is granted a pardon, commutation, or reprieve, or the prisioner is paroled, such action would further the interests of justice and be consistent with the welfare and security of society. * * *" (Emphasis added.)

As the language indicates, the decision to grant parole is not obligatory, but rather discretionary on the part of the board. It also allows the board to consider any evidence it feels is pertinent to the question of whether the prisoner is fit to be at liberty without harming others. Consequently, relator's argument that his past record is irrelevant, and has been improperly considered by the board, is without merit. This point is specifically addressed in *Jones* v. *Salisbury* (C.A. 6, 1970), 422 F. 2d 1326 [53 O.O.2d 114], wherein the court stated:

"In deciding whether to grant parole, it is appropriate to consider a prisoner's prior criminal record. Such consideration does not constitute an imposition of additional punishment, but rather an attempt to assess the factors relevant to a determination of whether parole 'would further the interests of justice and be consistent with the welfare and security of society.' * * *" *Id.* at 1327.

R.C. 2967.03 has also been interpreted by the Sixth Circuit Court of Appeals in *Wagner* v. *Gilligan* (C.A. 6, 1979), 609 F. 2d 866 [16 O.O.3d 268]. This decision reversed the district court decision which relator has cited in support of his argument. The reversal was sparked by the decision rendered in *Greenholtz* v. *Inmates of the Nebraska Penal and Correctional Complex* (1979), 442 U.S. 1, wherein the Supreme Court found that a protected liberty interest is not automatically created whenever state law provides for the possibility of parole. After citing this decision, the court in *Wagner* went on to say:

"* * * Ohio Revised Code Section 2967.03 is purely discretionary. The Ohio Adult Parole Authority may grant parole if 'in its judgment there is a reasonable ground to believe' that paroling the inmate 'would further the interests of justice and be consistent with the welfare and security of society.' The statute does not mandate a presumption of parole release and, therefore, does not create a protected statutory entitlement to parole on which appellees can ground their due process claim." *Id.* at 867.

Following this holding, it is clear that relator's claim of entitlement to consideration for parole is also without merit. The board's function is not mandatory, and therefore cannot be compelled. As provided in the statute, the only requirement in this process is that the head of an institution notify the board when a prisoner becomes eligible for parole. Having received that information, the board may then act as it sees fit.

In the case at issue, the board chose to continue any consideration of relator's eligibility for parole until a later date. A similar decision was made in *Barnhart* v. *Maxwell* (1965), 2 Ohio St. 2d 308 [31 O.O.2d 572]. There the court stated:

"* * * The continuance for consideration for parole until a later date, no matter on what grounds it is based, does not constitute a sentence by the parole board. The action of the parole board was merely a determination that petitioner was not sufficiently rehabilitated to be released from custody on parole. * * *" *Id.* at 309.

Consequently, the board's decision in

the instant case does not infringe upon relator's rights, nor does it subject him to further punishment for his furlough violation as he has suggested. The board's decision is consistent with the authority it carries, and is proper within the framework of R.C. 2967.03.

In addition, it is clear that a writ of mandamus is not a proper remedy to issue in this case. As held in *Swiss* v. *Ohio Pardon & Parole Comm.* (Ohio App. 1963), [23 O.O.2d 304] 191 N.E. 2d 186, "such writ is not available and will not issue to control the exercise of discretion on the part of the commission." The action taken to which relator objects would clearly fall within the discretionary category. The board determined that relator was not capable of existing in society at the time and therefore continued his case. On the facts of his past record, which demonstrate an inability to fulfill his responsibilities as either a parolee or a furloughee, the board's decision is justified.

The relator has cited *Williams* v. *Perini* (C.A. 6, 1977), 557 F. 2d 1221, and its statement that the *Swiss* case holds mandamus proper where the board has failed to perform an act it is legally required to perform. At most, this interpretation follows from inference, as *Swiss* does not specifically state such a proposition. Rather, the court merely observed that no assertion was made that the board in that case had failed to perform a required duty. Nevertheless, *Swiss* does make clear that mandamus will not lie where the complaint involves a matter of discretion, as is indeed the nature of the matter currently being questioned. Therefore, relator's petition is without merit.

Having resolved the substantive issues in favor of respondents, their motion to dismiss is hereby sustained. The questions raised concerning a protective order and relator's motion to proceed in *forma pauperis* are moot and are overruled.

*Motion to dismiss sustained.*

STRAUSBAUGH and MOYER, JJ., concur.