802 F.2d 458
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David MAPSON, Plaintiff-Appellant,
v.
Richard P. SEITER, E.P. Perini, John M. Schaffer, Raymond E.
Capots, Margarette Ghee, Bill Whealon,
Individually and Officially; Unknown
Member of Ohio Adult Parole
Authority,
Defendants-Appellees.
 No. 85-3947.
 United States Court of Appeals,
Sixth Circuit.
 Aug. 13, 1986.
 
 Before ENGEL, NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff appeals the judgment dismissing his pro se civil rights action under 42 U.S.C. S1983. The appeal is now fully briefed. As part of his reply brief, however, the plaintiff moves for the appointment of counsel. That motion has been referred to this panel under Rule 9(a), Rules of the Sixth Circuit. The plaintiff is an Ohio inmate serving an undisclosed sentence. He had a parole release hearing in October, 1984. As a result of that hearing, the parole board voted to deny parole and to continue further parole consideration for five years. In the present action, the plaintiff asserts the denial of due process at the above hearing on five separate grounds:
 
 
 2
 (1) Parole was denied in retaliation for the plaintiff's filing of a civil rights action against prison officials,
 
 
 3
 (2) He was denied a full hearing because not all members of the parole board attended the hearing;
 
 
 4
 (3) He was not permitted to review, prior to the hearing, all materials to be considered by the board;
 
 
 5
 (4) The board refused to rank the importance of the criteria used in considering parole, and
 
 
 6
 (5) He was denied an opportunity to amplify or rebut information before the board.
 
 
 7
 The district court adopted a Magistrate's report recommending the action be dismissed on grounds the defendant parole board members were entitled to absolute immunity from liability under Sec. 1983.
 
 
 8
 On appeal, however, this Court may affirm a judgment for any reason showing it to be correct, even if that reason was not considered or relied upon by the district court. Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir. 1985); City of Cleveland v. Cleveland Electric Illuminating Co., 570 F.2d 123, 128 (6th Cir. 1978).
 
 
 9
 In Greenholtz v. Inmates of Nebraska Penal Complex, 442 U.S. 1 (1979), the Supreme Court held that due process rights do not attach to parole release procedures unless the state creates a protected liberty interest in parole release by statute. In past decisions, this Court has held that parole decisions in Ohio lie completely within the discretion of state parole officials and that an Ohio inmate has no cognizable due process rights in parole proceedings. Sharp v. Leonard, 611 F.2d 136 (6th Cir. 1979); Wagner v. Gilligan, 609 F.2d 866 (6th Cir. 1979). See also Jago v. Van Curen, 454 U.S. 14 (1981); State ex rel. Blake v. Shoemaker, 4 Ohio St. 3d 42, 446 N.E. 2d 169 (1983); State ex rel. Thompson v. Clark, 7 Ohio App. 3d 191, 455 N.E. 2d 6 (Ct. App. Franklin Co. 1982). ,
 
 
 10
 The above cases control this action. The plaintiff having no due process rights in the parole proceedings, he has no cause of action for alleged deprivation of such rights.
 
 
 11
 Moreover, insofar as the plaintiff's complaint alleges violations of the first, fourth, eighth and ninth amendments, we hold that the complaint fails to state a claim upon which relief can be granted.
 
 
 12
 It is ORDERED that the motion for appointment of counsel be and it hereby is denied.
 
 
 13
 Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 14
 It is further ORDERED that the district court's judgment of October 17, 1985, dismissing the plaintiff's action be and it hereby is affirmed for the reasons stated above. Rule 9(d)(3), Rules of the Sixth Circuit.