The STATE ex rel. McCULLER, Appellant and Cross–Appellee,

v.

OHIO ADULT PAROLE AUTHORITY, Appellee and Cross–Appellant.

[Cite as *State ex rel. McCuller v. Ohio Adult Parole Auth.* (1997), 123 Ohio App.3d 425.]

Court of Appeals of Ohio,
Twelfth District, Madison County.

No. CA97–01–005.

Decided Oct. 13, 1997.

426

*Charles McCuller, pro se.*

*Betty D. Montgomery,* Attorney General, and *Robert C. Angell,* Assistant Attorney General, for appellee and cross-appellant.

PoWELL, Presiding Judge.

On January 11, 1980, the Cuyahoga County Court of Common Pleas convicted relator-appellant/cross-appellee, Charles D. McCuller, of one count of rape in case No. CR–048919 and one count of rape in case No. CR–052011. That same day, McCuller was also convicted of one count of attempted rape and one count of felonious assault in case No. CR–048254. The common pleas court sentenced McCuller to two consecutive seven-to-twenty-five-year terms of imprisonment for rape in case Nos. CR–048919 and CR–052011. The court also sentenced McCuller to a five-to-fifteen-year term of imprisonment for attempted rape and a two-to-fifteen-year term of imprisonment for felonious assault in case No. CR–048254. The court ordered the sentences it had imposed for attempted rape and felonious assault in case No. CR–048254 to be served concurrently with the two seven-to-twenty-five-year terms it had imposed for rape in case Nos. CR–048919 and CR–052011.

On April 5, 1996, the common pleas court granted McCuller's motion for jail-time credit pursuant to R.C. 2967.191. The court ordered respondent-appellee/cross-appellant, the Ohio Adult Parole Authority ("OAPA"), to credit McCuller with seventy-nine days of time served in case No. CR–052011, eighty-nine days of time served in case No. CR–048919, and ninety-one days of time served in case No. CR–048254. The OAPA then aggregated McCuller's sentences pursuant to Ohio Adm.Code 5120–2–03 and determined that the controlling minimum sentence in McCuller's case was fourteen years because of the two consecutive seven-to-twenty-five-year terms the common pleas court had imposed in case Nos. CR–048919 and CR-052011. The OAPA credited McCuller with seventy-nine days in case No. CR–052011 and eighty-nine days in case No. CR–048919 for a total of one hundred sixty-eight days of time served against his aggregate minimum sentence of fourteen years.

On March 26, 1997, McCuller filed a petition for a writ of mandamus in the Madison County Court of Common Pleas pursuant to R.C. 2731.02. McCuller's petition alleged that he was entitled to a writ of mandamus ordering the OAPA to credit him with two hundred eighty-two days of jail time served.

The Madison County court issued a writ of mandamus in which it ordered the OAPA to credit McCuller with twelve additional days of jail time served. The court held that McCuller was not entitled to credit for two hundred eighty-two days of jail time served under Ohio Adm.Code 5120–2–03 and 5120–2–04, but that the OAPA should nevertheless have credited McCuller with twelve additional days of time served as the difference between the seventy-nine days of credit in case No. CR–052011 and the ninety-one days of credit in case No. CR–048254. The court reasoned that "if the jail time credit of a concurrent sentence exceeds the credit given for any one consecutive sentence, then a relator is entitled to credit for the presentence time served against the shortest consecutive sentence credit." McCuller now appeals setting forth the following assignment of error:

"The trial court erred in determining that the respondent–appellee had already credited the relator–appellant consecutive sentences for (168) days."

■ The Ohio Supreme Court has established a three-prong test that we must apply in order to determine whether a writ of mandamus should have been issued. In *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 29, 6 OBR 50, 50–51, 451 N.E.2d 225, 226, the Ohio Supreme Court set forth this test as follows:

"This court has consistently held that in order for a writ of mandamus to issue the relator must demonstrate (1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law." See, also, *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197, 1199; *State ex rel. Manson v. Morris* (1993), 66 Ohio St.3d 440, 441, 613 N.E.2d 232, 233–234.

■ McCuller argues that the Madison County court should have ordered the OAPA to accelerate the date of his next parole hearing by one hundred sixty-eight days. We disagree. The decision to provide a parole hearing under R.C. 2967.03 is not obligatory, but rather discretionary on the part of the OAPA. *State ex rel. Thompson v. Clark* (1982), 7 Ohio App.3d 191, 192, 7 OBR 238, 240, 455 N.E.2d 6, 8. A writ of mandamus will not issue to control the exercise of this discretion on the part of the OAPA. *Id.* Accordingly, the court did not err in failing to issue a writ of mandamus ordering the OAPA to accelerate the date of McCuller's next parole hearing since there is no clear legal right to the relief sought. McCuller's sole assignment of error is overruled.

The OAPA cross-appeals, setting forth the following assignment of error:

"The trial court erred in holding that relator–appellant is entitled to an additional jail time credit of twelve days in his criminal cases."

Ohio Adm.Code 5120–2–03 and 5120–2–04 govern the application of jail time credit to a prisoner's sentences and provide as follows:

"5120–2–03 Determination of minimum, maximum and definite sentences when multiple sentences are imposed

"* * *

"(D) When multiple indefinite sentences are imposed to run concurrently, the prisoner shall be deemed to be serving an indefinite term, the minimum of which is the longest of such minimum terms and the maximum of which is the longest of such maximum terms. If, however, the various sentences are subject to different amounts of reduction for jail-time credit and/or are subject to different rates of diminution for time off for good behavior, the prisoner becomes eligible for parole consideration after serving the longest diminished sentence.

"(E) Subject to the maximums provided in this rule:

"(1) When consecutive indefinite sentences of imprisonment are imposed for felony, the minimum term to be served is the aggregate of the consecutive minimum terms imposed and the maximum term to be served is the aggregate of the consecutive maximum terms imposed.

"5120–2–04 Reduction of minimum and maximum or definite sentence for jail time credit

"* * *

"(F) If a prisoner is serving two or more sentences concurrently, the adult parole authority shall independently reduce each sentence for the number of days confined for that offense. Release of the prisoner shall be based upon the longest definite, minimum and/or maximum sentence after reduction for jail time credit.

"(G) If a prisoner is serving two or more sentences consecutively, the record officer shall aggregate the sentences pursuant to Rule 5120–2–03 of the Administrative Code. The adult parole authority shall reduce the aggregate definite sentence or aggregate minimum and aggregate maximum sentences, as determined by Rule 5120–02–03 of the Administrative Code, by the total number of days the person was confined for all of the offenses for which the consecutive sentences were imposed."

■ Ohio Adm.Code 5120–2–03 requires the OAPA to determine a prisoner's controlling minimum sentence by taking either (1) the longest minimum term where the prisoner is serving all of his or her sentences concurrently or (2) the aggregate total of all minimum terms the prisoner is serving consecutively. Ohio Adm.Code 5120–2–04 then requires the OAPA to credit the prisoner with any jail time he or she may have already served in connection with the offense or offenses that determine the controlling minimum sentence.

█ The OAPA correctly determined that the controlling minimum sentence in this case was fourteen years by aggregating the two seven-year minimum terms that had been imposed for rape in case Nos. CR–052011 and CR–048919. The OAPA correctly credited McCuller with seventy-nine days in case No. CR–052011 and eighty-nine days in case No. CR–048919 for a total of one hundred sixty-eight days of jail time served.

Since the concurrent minimum terms imposed in case No. CR–048254 will expire well before McCuller has served the two consecutive seven-year minimum terms imposed in case Nos. CR–052011 and CR–048919, the concurrent terms in case No. 048254 do not determine the controlling minimum sentence in this case. Therefore, neither Ohio Adm.Code 5120–2–03 nor 5120–2–04 requires the OAPA to credit any portion of the ninety-one days of jail time McCuller served in case No. CR–048254 against his fourteen-year controlling minimum sentence.

Accordingly, the trial court erred in issuing the writ of mandamus ordering the OAPA to credit McCuller with twelve additional days of jail time served as the difference between the seventy-nine days served in case No. CR–052011 and the ninety-one days served in case No. CR–048254. McCuller is not entitled to have any additional jail time credited against his fourteen-year aggregate controlling minimum sentence. The OAPA's sole assignment of error is sustained. The judgment of the trial court ordering the OAPA to credit McCuller with twelve additional days of jail time served is reversed.

*Judgment reversed.*

KOEHLER and WALSH, JJ., concur. ·