OPINION
Plaintiff-appellant, Michael Dozier, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion to dismiss of defendant-appellee, Ohio Adult Parole Authority.
On May 10, 1999, plaintiff filed a petition for declaratory judgment pursuant to R.C. 2721.02. Plaintiff's complaint alleged he was sentenced to serve a term of life imprisonment pursuant to a judgment from the Cuyahoga County Common Pleas Court. Although eligible for parole consideration after serving twenty years, defendant contended he served twenty years plus two hundred thirty-eight days due to the failure to properly credit him with jail time served. While asserting that the failure to receive appropriate jail time credit caused him to "exceed his maximum term of imprisonment" (Complaint, p. 2), plaintiff also contended that when he became eligible for parole by having served his minimum sentence, defendant had a duty to conduct a parole hearing. Because defendant failed to conduct a hearing, plaintiff asserted defendant lost control and custody over plaintiff. Plaintiff thus requested that the trial court (1) declare the correct interpretation of R.C. 5145.01, and (2) determine whether defendant may continue to incarcerate plaintiff after failing to conduct a parole hearing at the expiration of plaintiff's minimum term.
Defendant responded with a motion to dismiss contending (1) plaintiff's complaint failed to state a claim for which relief may be granted, and (2) plaintiff failed to comply with the filing requirements of R.C. 2969.25.
Following full briefing, the trial court on July 26, 1999, filed its "Decision and Entry Overruling Plaintiff's Petition for Declaratory Judgment Filed May 10, 1999." While noting the provisions of R.C. 2969.25, as well as the mandatory nature of compliance with those requirements, the trial court nonetheless addressed the merits of plaintiff's complaint. First finding that plaintiff sought relief which, if granted, would entitle him to release from incarceration, the court concluded plaintiff should have pursued a habeas corpus action. State exrel. Adkins v. Ohio Adult Parole Authority (1998), 82 Ohio St.3d 171,172. Nonetheless, even assuming plaintiff had commenced a proper action, the trial court found plaintiff's arguments contrary to law.
Plaintiff appeals, assigning the following errors:
 I. THE TRIAL COURT ERRED IN HOLDING THAT THE OHIO ADULT PAROLE AUTHORITY DID NOT HAVE TO HOLD A PAROLE HEARING AT THE EXPIRATION OF A CONVICTED FELON'S MINIMUM SENTENCE.
 II. THE TRIAL COURT ERRED IN NOT GIVING THE INTERPRETATION OF THE § 5145.01, OHIO REVISED CODE.
Plaintiff's two assignments of error are interrelated and we address them jointly. Together they assert defendant has no authority to continue to confine plaintiff. Specifically, plaintiff asserts the trial court erred in failing to find defendant is required to conduct a parole hearing at the expiration of plaintiff's minimum term of imprisonment.
Plaintiff has no constitutional, statutory, or inherent right to parole. State ex rel. Hattie v. Goldhardt (1994),69 Ohio St.3d 123, 125; State ex rel. Seikbert v. Wilkinson
(1994), 69 Ohio St.3d 489, 490. Rather, defendant has the discretion to determine whether to grant or deny parole. State ex rel. Blake v.Shoemaker (1983), 4 Ohio St.3d 42; State ex rel. Ferguson v. OhioAdult Parole Auth. (1989), 45 Ohio St.3d 355, 356. Similarly, the decision to provide a parole hearing is not obligatory, but discretionary on defendant's part. State ex rel. Thompson v. Clark
(1982), 7 Ohio App.3d 191. Given those parameters, the premise for defendant's declaratory judgment argument is flawed. Because defendant was under no obligation to hold a hearing at the completion of plaintiff's minimum sentence, its failure to conduct a hearing cannot be grounds for plaintiff's release.
Nor does R.C. 5145.01 suggest a different result, as the trial court concluded. R.C. 5145.01 specifies that terms of imprisonment may be ended in a manner provided by law, but shall not exceed the maximum or definite term provided for the felony of which the prisoner was convicted. Plaintiff, however, has not served the maximum time on his prison sentence, as plaintiff was sentenced to serve twenty years to life. Rather, plaintiff has served only the minimum and is not entitled to release under the provisions of the first paragraph of R.C. 5145.01.
Plaintiff highlights that portion of former R.C. 5145.01
which states that "term of imprisonment as used in R.C. 5145.01
means `the duration of the state's legal custody and control over a person's sentence as provided in this section.'" In citing that language, plaintiff apparently contends that because defendant failed to conduct the parole hearing, it lost custody and control over him and ended his "term of imprisonment." As noted, however, defendant's failure to conduct a parole hearing does not end plaintiff's term of imprisonment, as defendant was under no duty to conduct such a hearing. As a result, neither the present nor former version of R.C. 5145.01 supports plaintiff's request for declaratory relief, nor do they render the trial court's decision improper.
For the foregoing reasons, plaintiff's two assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
BOWMAN, P.J., and TYACK, J., concur.