JOURNAL ENTRY AND OPINION
{¶ 1} Tony Rankin, the relator, has filed a complaint for a writ of mandamus. Rankin seeks an order from this court which requires the Ohio Adult Parole Authority (OAPA), the respondent, to accelerate the date of his release from prison by a period of one hundred and forty-three days. The OAPA has filed a motion for summary judgment, which we grant for the following reasons.
 {¶ 2} Initially, we find that Rankin's complaint for a writ of mandamus is defective since it is improperly captioned. A petition for a writ of mandamus must be brought in the name of the state, on relation of the person applying. The failure of Rankin to properly caption his petition for a writ of mandamus constitutes sufficient reason for dismissal. Allen v. Court of Common Pleas of Allen Cty. (1962),173 Ohio St. 226, 181 N.E.2d 270; Dunning v. Judge Cleary (Jan. 11, 2001), Cuyahoga App. No. 78763.
 {¶ 3} In addition, Rankin has failed to demonstrate that he is entitled to a writ of mandamus that requires the OAPA to accelerate his release from prison. In order for this court to issue a writ of mandamus, Rankin must establish that: 1) he possesses a clear legal right to the relief prayed; 2) the OAPD possesses a clear legal duty to perform the acts requested; and 3) there exists no plain and adequate remedy in the ordinary course of the law. State ex rel. Harris v. Rhodes (1978),54 Ohio St.2d 41, 374 N.E.2d 641; State ex rel. National City Bank v.Bd. of Education (1977), 52 Ohio St.2d 81, 369 N.E.2d 1200.
 {¶ 4} Rankin is serving two concurrent sentences of incarceration as imposed by the trial court on June 9, 2000. In State v. Rankin, Cuyahoga County Court of Common Pleas Case No. 384493, Rankin entered a plea of guilty to one count of felonious assault (R.C. 2903.11) and was sentenced to a term of incarceration of three years with no pre-conviction jail time credit. In State v. Rankin, Cuyahoga County Court of Common Pleas Case No. CR-387213, Rankin entered a plea of guilty to two counts of robbery (R.C. 2911.02), one count of aggravated robbery (R.C. 2911.01), and was sentenced to three years of incarceration as to each count with jail time credit in the amount of one hundred and forty-three days. The trial court further ordered that all terms of incarceration run concurrent to each other in CR-387213 and concurrent to the sentence of incarceration imposed in CR-384493. Rankin now claims that since his two sentences of incarceration were ordered to be served concurrently, the pre-conviction jail time credit as issued in CR-387213 should control thus accelerating his release from prison by one hundred and forty-three days.
 {¶ 5} Ohio Adm. Code 5120-2-04, which governs the application of pre-conviction jail time credit to a prisoner who is serving two or more sentences concurrently, provides in pertinent part that:
 {¶ 6} "(F) If a prisoner is serving two or more sentences concurrently, the adult parole authority shall independently reduce each sentence for the number of days confined for that offense. Release of the prisoner shall be based upon the longest definite, minimum and/or maximum sentence after reduction for jail time credit. * * *"
 {¶ 7} Since Rankin was sentenced to two concurrent terms of incarceration of three years, Ohio Adm. Code 5120-2-04(F), must be applied to determine his release from prison. No pre-conviction jail time credit was issued in CR-384493. Thus, the longer sentence of incarceration, as issued in CR-384493, controls Rankin's prison release date. Rankin's release from prison cannot be accelerated vis-a-vis application of the pre-conviction jail time credit as issued in CR-387213. See State ex rel. McCuller v. Ohio Adult Parole Authority
(1997), 123 Ohio App.3d 425, 704 N.E.2d 324.
 {¶ 8} Accordingly, we find that Rankin possesses no clear right to an accelerated release from prison nor does the OAPA possess any legal duty to accelerate Rankin's release from prison. Therefore, we grant the OAPA's motion for summary judgment. Costs to Rankin. It is further ordered that the Clerk of the Eighth District Court of Appeals shall serve upon all parties, pursuant to Civ.R. 58(B), notice of this judgment and date of entry.
PATRICIA A. BLACKMON, J., AND COLLEEN CONWAY COONEY, J., CONCUR.