[Cite as *Nelson v. Mohr*, 2013-Ohio-4506.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Carl A. Nelson, Sr. et al.,                    :

      Plaintiffs-Appellants,              :

                                          No. 13AP-130

v.                                             :        (C.P.C. No. 11CVH-12-15500)

Gary Mohr, Director, Ohio Department           :        (REGULAR CALENDAR)
of Rehabilitation and Correction et al.,

                                               :

      Defendants-Appellees.               :

                                               :

---

D E C I S I O N

Rendered on October 10, 2013

---

*Carl A. Nelson, Sr., Terry L. Larson*, and *Paul W. Nelson*, pro se.

*Michael DeWine*, Attorney General, and *Thomas C. Miller*, for appellees.

---

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1}  Carl A. Nelson, Sr., Terry L. Larson, and Paul W. Nelson, plaintiffs-appellants, appeal the judgment of the Franklin County Court of Common Pleas in which the court granted the motion for summary judgment filed by Gary Mohr, Cynthia Mausser, Kathleen Kovach, Cathy Collins-Taylor, Ellen Venters, Jose A. Torres, Bobby Bogan, Trayce Thalheimer, and R.F. Rauschenberg, defendants-appellees, and denied appellants' motion for summary judgment.

{¶ 2}  Appellants are inmates under the custody of the Ohio Department of Rehabilitation and Correction ("ODRC") and housed at Grafton Correctional Institution. Mohr is the Director of ODRC; Mausser is the Chairperson of the Ohio Parole Board

("OPB"); and Kovach, Collins-Taylor, Venters, Torres, Bogan, Thalheimer, and Rauschenberg are members of the Ohio Adult Parole Authority ("OAPA"). All three appellants were denied parole in either 2010 or 2011. On December 14, 2011, appellants filed a complaint for declaratory judgment and injunctive relief. In the complaint, appellants sought to enjoin appellees from using Ohio Adm.Code 5120:1-1-07(A)(1) and (2) and OPB Policy No. 105-PBD-03 in their future parole hearings, from transferring appellants to any other correctional facility while the case was pending, and from enacting any future codes or policies under R.C. 5149.02 that would conflict with the legislative intent of any statutes, including R.C. 2967.03, relating to parole release consideration hearings. Appellants also sought declarations that Ohio Adm.Code 5120:1-1-07 and OPB Policy No. 105-PBD-03 violate the separation of powers doctrine of the United States and Ohio Constitutions, Ohio Adm.Code 5120:1-1-07 and OPB Policy No. 105-PBD-03 were improperly promulgated, Mohr had failed to implement other Ohio Administrative Code regulations and OPB policies that would regulate the OPB's discretion in parole hearings, and Mausser, Venters, and Torres have deliberately violated the code of ethics for attorneys.

{¶ 3} On November 20, 2012, appellants filed a motion for summary judgment. In their motion for summary judgment, appellants argued that Ohio Adm.Code 5120:1-1-07 was improperly promulgated and generated from the wrong Revised Code section, 2967.13, and uses language not authorized by the correct Revised Code section, 2967.03. Appellants asserted that Ohio Adm.Code 5120:1-1-07(A)(1) and (2) incorporate terminology and criteria reserved exclusively for the judiciary when sentencing a criminal defendant under R.C. 2929.12 and ignores the language of R.C. 2967.03, which does not authorize the consideration of the serious nature of the crime, threat to public safety, and future uncommitted crimes. On December 3, 2012, appellees filed a motion for summary judgment.

{¶ 4} On January 29, 2013, the trial court denied appellants' motion for summary judgment, granted appellees' motion for summary judgment, and dismissed appellants' case. The trial court found that appellants lacked standing to bring their claims and that, even if they had not lacked standing, their claims would have been without merit. Appellants appeal the court's judgment, asserting the following assignments of error:

[I.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANTS THEIR DAY IN COURT IN VIOLATION OF ARTICLE I SECTION 16 OF THE OHIO CONSTITUTION WHEN IT DENIED APPELLANTS' MOTION FOR SUMMARY JUDGMENT AND GRANTED SUMMARY JUDGMENT IN FAVOR OF APPELLEES ON THE SOLE GROUND THAT APPELLANTS LACKED STANDING.

[II.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANTS THEIR DAY IN COURT TO REDRESS THE INJURIES COMMITTED UPON THEM BY APPELLEES WHEN THE COURT FAILED TO ISSUE A DECLARATORY JUDGMENT STATING APPELLEES' OHIO ADMINISTRATIVE CODE 5120:1-1-07 IS IMPROPERLY PROMULGATED UNDER THE WRONG OHIO REVISED CODE, TO WIT OHIO REVISED CODE 2967.13, INSTEAD OF UNDER THE CORRECT PAROLE STATUTE, OHIO REVISED CODE 2967.03, IN VIOLATION OF ARTICLE I SECTION 16 OF THE OHIO CONSTITUTION, THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND CHAPTER 2721 ET SEQ., OF THE OHIO REVISED CODE.

[III.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO ISSUE A DECLARATORY JUDGMENT STATING THAT THE USE OF OAC 5120:1-1-07 IS IN CONFLICT WITH THE STATUTORY PROVISIONS OF R.C. 2967.03 AND THUS ITS USE BY APPELLEES DEPRIVE APPELLANTS OF THEIR SUBSTANTIVE DUE PROCESS RIGHTS AND PROPERTY INTEREST RIGHTS TO A MEANINGFUL PAROLE SUITABILITY HEARING IN VIOLATION OF ARTICLE I SECTION 16 OF THE OHIO CONSTITUTION, THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND CHAPTER 2721 ET SEQ., OF THE OHIO REVISED CODE.

[IV.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR WHEN IT FAILED TO APPLY THE PROPER STANDARD OF REVIEW IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEES.

{¶ 5} Although appellants argue in their first assignment of error that the trial court erred when it found they lacked standing to bring their claims, even if we were to

assume that appellants had standing, appellants' appeal would ultimately fail on the merits, which they address in their second, third, and fourth assignments of error. Therefore, because appellants' second, third, and fourth assignments of error are dispositive of the matter, and any error as to standing would not prejudice appellants, we will address these assignments of error first. *See State ex rel. United Auto., Aerospace & Agricultural Implement Workers of Am. v. Bur. of Workers' Comp.*, 108 Ohio St.3d 432, 2006-Ohio-1327, ¶ 60 (contentions concerning standing can be rendered moot by the disposition of a case).

{¶ 6} Appellants argue in their second and third assignments of error that the trial court erred when it failed to grant declaratory judgment on the basis that Ohio Adm.Code 5120:1-1-07 was improperly promulgated under the wrong R.C. section, and the use of Ohio Adm.Code 5120:1-1-07 violates the separation of powers provisions in the Ohio and United States Constitutions. Appellants' argument under their fourth assignment of error mirrors their arguments under their second and third assignments of error.

{¶ 7} Summary judgment is appropriate when the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the non-moving party, and that conclusion is adverse to the non-moving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 8} When seeking summary judgment on the ground that the non-moving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving

party does not discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that the non-moving party has no evidence to prove its case. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the non-moving party has no evidence to support its claims. *Id.* If the moving party meets its burden, then the non-moving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Id.* If the non-moving party does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party. *Id.*

{¶ 9} An appellate court reviewing a declaratory judgment matter should apply a de novo standard of review in regard to the trial court's determination of legal issues in the case. *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, ¶ 1.

{¶ 10} In the present case, appellants argue in their second, third, and fourth assignments of error that Ohio Adm.Code 5120:1-1-07 is unreasonable and contrary to law. They contend that it can be ascertained from the history of Ohio Adm.Code 5120:1-1-07 that it was improperly promulgated under R.C. 2967.13, entitled "Parole eligibility," instead of R.C. 2967.03, entitled "Pardon, commutation, medical release, or reprieve." Appellants maintain they have a property interest right to receive a meaningful parole hearing based upon R.C. 2967.03 and not have appellees usurp the authority of the judicial branch by relying on the improperly promulgated Ohio Adm.Code 5120:1-1-07 to grant or deny parole. Appellants contend that the parole eligibility factors regarding the serious nature of the crime, threat to public safety, and future uncommitted crimes are factors mandated and considered solely by the sentencing court, pursuant to R.C. 2929.12 at the time of the original sentencing, and their consideration by the OPB violates the principle of separation of powers.

{¶ 11} Appellants complaint can essentially be boiled down to the following two arguments: (1) Ohio Adm.Code 5120:1-1-07 was improperly promulgated under R.C. 2967.13 instead of R.C. 2967.03, and (2) appellees violated the separation of powers provisions of the United States and Ohio Constitutions by utilizing Ohio Adm.Code 5120:1-1-07. R.C. 2967.03 provides in pertinent part:

> The adult parole authority may exercise its functions and duties in relation to the pardon, commutation of sentence, or reprieve of a convict upon direction of the governor or upon

its own initiative. It may exercise its functions and duties in relation to the parole of a prisoner who is eligible for parole upon the initiative of the head of the institution in which the prisoner is confined or upon its own initiative. When a prisoner becomes eligible for parole, the head of the institution in which the prisoner is confined shall notify the authority in the manner prescribed by the authority. The authority may investigate and examine, or cause the investigation and examination of, prisoners confined in state correctional institutions concerning their conduct in the institutions, their mental and moral qualities and characteristics, their knowledge of a trade or profession, their former means of livelihood, their family relationships, and any other matters affecting their fitness to be at liberty without being a threat to society.

The authority may * * * grant a parole to any prisoner for whom parole is authorized, if in its judgment there is reasonable ground to believe that granting a pardon, commutation, or reprieve to the convict or paroling the prisoner would further the interests of justice and be consistent with the welfare and security of society.

{¶ 12} R.C. 2967.13 describes when prisoners serving a sentence of imprisonment for life for an offense committed on or after July 1, 1996 become eligible for parole.

{¶ 13} Ohio Adm.Code 5120:1-1-07 provides various factors that OPB must consider when determining if a prisoner should be released on parole. The provision provides that OPB may decide not to release a prisoner when: (1) there is substantial reason to believe that the inmate will engage in further criminal conduct, (2) there is substantial reason to believe that, due to the serious nature of the crime, the release of the inmate into society would create undue risk to public safety or that, due to the serious nature of the crime, the release of the inmate would not further the interest of justice nor be consistent with the welfare and security of society, (3) there is substantial reason to believe that the release of the inmate would not act as a deterrent to the inmate or to other institutionalized inmates from violating institutional rules and regulations, and (4) there is need for additional information upon which to make a release decision. Ohio Adm.Code 5120:1-1-07(A). Ohio Adm.Code 5120:1-1-07(B)(1) through (18) provides 17 specific factors, plus an "any other factors" catch-all factor, that OPB must consider when contemplating the release of an inmate.

{¶ 14} The purpose of administrative rule-making is to facilitate the administrative agency's placing into effect the policy declared by the General Assembly in the statutes to be administered by the agency. In other words, administrative agency rules are an administrative means for the accomplishment of a legislative end. *Carroll v. Dept. of Adm. Servs.*, 10 Ohio App.3d 108, 110 (10th Dist.1983). It is well-established that when by statutory authority an administrative agency promulgates rules and regulations governing its activities and procedures, such rules are valid and enforceable unless they are unreasonable or in conflict with statutory enactments covering the same subject matter. *State ex rel. De Boe v. Indus. Comm.*, 161 Ohio St. 67 (1954). An administrative rule cannot add or subtract from the legislative enactment. *Cent. Ohio Joint Vocational School Dist. Bd. of Edn. v. Admr., Bur. of Emp. Servs.*, 21 Ohio St.3d 5, 10 (1986). An administrative rule also cannot exceed the rule-making authority delegated by the General Assembly. *Sterling Drug, Inc. v. Wickham*, 63 Ohio St.2d 16, 19 (1980).

{¶ 15} In the present case, appellants point to no convincing evidence that Ohio Adm.Code 5120:1-1-07 was "improperly promulgated" under R.C. 2967.13 instead of R.C. 2967.03. Appellants rely on the history notations that follow the actual text of Ohio Adm.Code 5120:1-1-07 to support their contention that the rule was improperly promulgated under R.C. 2967.13. Among other things, the notations indicate that the "Rule Amplifies" R.C. 2967.13. Other code sections are also listed as amplifying the rule, but R.C. 2967.03 is not among them. Appellees agree that R.C. 2967.03 is the statute that gives it authority to exercise its parole functions and provides the factors that guide its parole investigation, but suggest that, perhaps, the citation to R.C. 2967.13, instead of R.C. 2967.03, is a typographical error.

{¶ 16} Regardless, the history section following the actual text of the rule does not support appellants' contention. The court in *Arndt v. P & M Ltd.*, 11th Dist. No. 2007-P-0038, 2008-Ohio-2316, ¶ 40, explained that this "history trail" is part of the "supplemental information" required by the Ohio Legislative Service Commission's Rule Drafting Manual.  According to the Rule Drafting Manual, the "Rule Amplifies Line" " 'cites the Revised Code section(s) that the rule expands upon, further details, or clarifies (*i.e.*, amplifies or implements).' " (Emphasis sic.) *Id.*, quoting Rule Drafting Manual at 19. However, the "Rule Amplifies Line" does not constitute " 'the statement of the law

expressed by the rule.' " *Id.* at ¶ 41, quoting Rule Drafting Manual at 14. Rather, it merely provides " 'information about the statutes that prescribe the process for adopting the rule.' " *Id.*, quoting Rule Drafting Manual at 18. The statement of law expressed by a rule " 'must be substantively complete in and of itself.' " *Id.*, quoting Rule Drafting Manual at 14. Thus, the court in *Arndt* concluded that "[t]here is no authority of which this court is aware that supports the defendants' assertion that provisions of the Ohio Administrative Code are only applicable under the Revised Code Sections that they amplify." *Id.*

{¶ 17} Thus, *Arndt* recognized that the history trail merely provides additional background information, the actual language of the rule itself is the only legally significant part of the rule, and statutes and administrative rules are not exclusively linked to each other. Appellants here cite no authority for the proposition that an allegedly incorrect citation in the "Rule Amplifies Line" in the history trail in the supplemental information section following an administrative rule renders the rule itself invalid. Therefore, we find the fact that the "Rule Amplifies Line" in the present case lists R.C. 2967.13, instead of 2967.03, is inconsequential to appellants' argument. We also note that the history trail for Ohio Adm.Code 5120:1-1-07 also indicates the rule was "Promulgated Under" R.C. 111.15; therefore, neither R.C. 2967.03 nor 2967.13 are even implicated. Thus, the "Promulgated Under" line also provides no support for appellants' contention that the rule was improperly promulgated under R.C. 2967.13.

{¶ 18} Appellants also cannot demonstrate that Ohio Adm.Code 5120:1-1-07 is unreasonable or in conflict with R.C. 2967.03. Ohio Adm.Code 5120:1-1-07 provides various factors that OAPA must consider when determining if a prisoner should be released on parole, including the serious nature of the crime, the threat to public safety, and any future uncommitted crimes. These factors found in the rule do not conflict with the language of R.C. 2967.03. R.C. 2967.03 provides that, in considering parole, OAPA may investigate and examine prisoners concerning any matters affecting their fitness to be at liberty without being a threat to society. R.C. 2967.03 has been construed as "allow[ing] the board to consider any evidence it feels is pertinent to the question of whether the prisoner is fit to be at liberty without harming others." *State ex rel. Thompson v. Clark*, 7 Ohio App.3d 191, 192 (10th Dist.1982). *See also Fugett v. Ghee*, 10th Dist. No. 02AP-618, 2003-Ohio-1510, ¶ 17 (finding both the Ohio Revised Code and

the Ohio Administrative Code give OAPA the authority to investigate and examine any matters affecting appellant's ability to be at liberty without being a threat to society). Thus, although R.C. 2967.03 contains no explicit language allowing OAPA to specifically consider the serious nature of the crime, threat to public safety, and future uncommitted crimes, the all-encompassing language of R.C. 2967.03 permits it to do so. Therefore, there is no conflict between R.C. 2967.03 and Ohio Adm.Code 5120:1-1-07.

{¶ 19} Furthermore, appellants' argument that the serious nature of the prisoner's crime and the prisoner's likelihood of committing future crimes are factors that can be considered solely by the sentencing court, pursuant to R.C. 2929.12, when a defendant is originally sentenced is similarly flawed. Appellants claim that permitting OAPA to execute the "judicial function" of considering the serious nature of the prisoner's crime and the likelihood of committing future crimes is a violation of the separation of powers doctrine. However, as explained above, R.C. 2967.03 specifically allows OAPA to consider any matters affecting a prisoner's fitness to be at liberty without being a threat to society, which would include any factors that might also be listed under R.C. 2929.12. Appellants present no authority for the proposition that OAPA and the trial court may not consider the same factors in making their respective determinations.

{¶ 20} While we agree with appellants that an offender who is eligible for parole must receive "meaningful consideration for parole" at his parole hearing, *Layne v. Adult Parole Auth.*, 97 Ohio St.3d 456, 2002-Ohio-6719, ¶ 27, the facts asserted by appellants in their complaint do not raise any genuine issue of material fact demonstrating that appellants were denied such meaningful consideration. Therefore, appellants' second, third, and fourth assignments of error are overruled. Given our disposition on these assignments of error, we need not address appellants' first assignment of error regarding standing, as explained previously.

{¶ 21} Accordingly, appellants' first assignment of error is rendered moot, appellants' second, third, and fourth assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT, P.J., and SADLER, J., concur.

_____